**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Patricia Adams,

        Plaintiff,

                              Civ. No. 10-4667 (RHK/LIB)
                              **MEMORANDUM OPINION**
                              **AND ORDER**

v.

J.C. Christensen & Assoc., Inc.,

        Defendant.

---

Lee Cassie Yates, Krohn & Moss, Ltd., Chicago, Illinois, for Plaintiff.

Susan E. Gustad, Michael A. Klutho, Bassford Remele, P.A., Minneapolis, Minnesota, for Defendant.

---

**INTRODUCTION**

Plaintiff Patricia Adams alleges in this action that Defendant J.C. Christensen & Associates, Inc. ("Christensen"), a debt collector, sent her a letter that violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. Presently pending before the Court are the parties' cross-Motions for Judgment on the Pleadings. For the reasons set forth below, the Court will deny Adams's Motion, grant Christensen's Motion, and dismiss the Complaint.

## BACKGROUND

Adams, a New Jersey resident, owed a debt to Credit One Bank, which transferred its collection rights to Resurgent Capital Services, LP ("Resurgent"). (Compl. ¶¶ 5, 10.) Resurgent contracted with Christensen to collect that debt.

On June 8, 2010, Christensen sent Adams the letter at the heart of this case, which is attached to the Complaint as Exhibit A. Under the heading "Notice of Legal Review and Settlement Option," the letter provided that "Resurgent Capital Services LP has prescreened and reviewed your account to be forwarded to an Attorney's office licensed in the state of New Jersey." (Id. Ex. A.) It then offered Adams three payment options through which she could settle her outstanding debt. (Id.) The letter urged Adams to "[t]ake advantage of this opportunity to settle your account," noting that "as long as you maintain your payment arrangement," Christensen would "suspend forwarding this account to an Attorney." (Id.) There is no dispute that Adams's account had not been reviewed by an attorney before the letter was sent.

On November 19, 2010, Adams commenced the instant action against Christensen, alleging that the letter violated the FDCPA. In particular, she contends that the letter misleadingly implied that an attorney had reviewed her account prior to sending the letter. She also contends that the letter's references to forwarding her account to an attorney constituted a threat to institute legal proceedings that Christensen did not intend to take. Christensen responds that the letter was not misleading and did not threaten legal action. The parties have now cross-moved for judgment on the pleadings, based on the letter's undisputed text.

**STANDARD OF REVIEW**

A motion for judgment on the pleadings should be granted only when the pleadings pose no material issues of fact and the moving party is entitled to judgment as a matter of law.  E.g., Clemons v. Crawford, 585 F.3d 1119, 1124 (8th Cir. 2009); Syverson v. FirePond, Inc., 383 F.3d 745, 749 (8th Cir. 2004).  The Court must accept as true all well-pleaded facts by the non-moving party, and all reasonable inferences must be construed in the non-movant's favor.  See Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990).

**ANALYSIS**

**I.     The FDCPA generally**

The FDCPA prohibits abusive debt-collection practices.  In pertinent part, it provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> . . .
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

15 U.S.C. § 1692e.  The Eighth Circuit has instructed district courts to employ an "unsophisticated-consumer" standard when analyzing FDCPA claims.  E.g., Duffy v. Landberg, 215 F.3d 871, 873 (8th Cir. 2000).  This standard is "designed to protect consumers of below average sophistication or intelligence without having the standard tied to the very last rung on the sophistication ladder."  Strand v. Diversified Collection

Serv., Inc., 380 F.3d 316, 317 (8th Cir. 2004) (quoting Duffy, 215 F.3d at 874). Hence, the unsophisticated-consumer standard "protects the uninformed or naive consumer" but also includes "an objective element of reasonableness," which ensures that debt collectors remain free "from liability for peculiar interpretations of collection letters." Strand, 380 F.3d at 318; accord, e.g., Volden v. Innovative Fin. Sys., Inc., 440 F.3d 947, 955 (8th Cir. 2006).

## II. The statute applied here

As noted above, Adams argues that Christensen's letter violated the FDCPA in two ways. First, she argues that the letter implied that an attorney had reviewed her account when no such review had actually occurred, thereby violating Section 1692e's general proscription against "false" or "misleading" representations. Second, she argues that the letter threatened legal action that Christensen did not intend to take, in contravention of Section1692e(5). Neither contention has merit.

The flaw in Adams's first argument is that she hones in on one particular part of the letter, rather than considering it in its entirety. She asserts that the phrase "Legal Review" in the letter's heading misleadingly implied that an attorney had already reviewed her account before the letter was sent. (Pl. Mem. in Supp. at 6, 10; Pl. Mem. in Opp'n at 5.) But while the term "Legal Review" appeared in the heading, the letter's text clearly indicated that Adams's account might "be *forwarded* to an Attorney" if she failed to pay or make payment arrangements. (Compl. Ex. A (emphasis added).) In other words, nothing in the letter suggested, or even hinted, that Adams's account had *already* been reviewed by a lawyer. Rather, the letter as a whole clearly and unambiguously

- 4 -

indicated that an attorney would be asked to review her account *in the future*, if she failed to pay. Indeed, Adams acknowledges that despite the heading "Legal Review," the letter "explicitly stated that it was 'prescreened and reviewed' by Resurgent, *not an attorney*." (Pl. Mem. in Opp'n at 13 (emphasis added).)

Language in a debt-collection letter cannot be viewed in isolation; the letter must be viewed "as a whole" to determine whether it runs afoul of the FDCPA. Jones v. CBE Grp., Inc., 215 F.R.D. 558, 566 (D. Minn. 2003) (Doty, J.); see also Peters v. Gen. Serv. Bureau, Inc., 277 F.3d 1051, 1056 (8th Cir. 2002) (ambiguous term in debt-collection letter did not violate FDCPA where remainder of letter clarified term's meaning); Myers v. Asset Acceptance LLC, __ F. Supp. 2d __, 2010 WL 3522470, at *5 (S.D. Ohio Sept. 7, 2010) (no part of communication "should be read in isolation," but rather it "must be regarded as a whole"). Here, the term "Legal Review" in the letter's heading did not render the letter false or misleading, because the remainder of the letter made clear that no attorney review had actually occurred. See Greco v. Trauner, Cohen & Thomas, L.L.P., 412 F.3d 360, 364-65 (2d Cir. 2005) (letter on law-firm letterhead did not automatically imply attorney involvement, particularly where letter's remaining content suggested no attorney actually reviewed debtor's account).

Adams's second argument – the letter falsely threatened legal action against her – fares no better. She claims that because an attorney had not yet reviewed her file at the time the letter was sent, Christensen did not actually intend to commence litigation and, therefore, its so-called "threat" to institute legal proceedings was prohibited by Section

1692e(5). (Pl. Mem. in Supp. at 10; Pl. Mem. in Opp'n at 8.) In the Court's view, however, the letter did not threaten legal action, and hence this argument dies on the vine.

Adams finds a threat to sue in the text indicating that her account would "be forwarded to an Attorney's office" and that, with payment, Christensen would "suspend forwarding this account to an Attorney." She claims that an unsophisticated consumer would understand these phrases as threats of litigation. But the mere fact that an account might be forwarded to an attorney does not mean that litigation will inevitably follow. Notably, the letter says nothing about what decisions had been made on Adams's account or what would happen if her account were in fact forwarded to an attorney.

While the case law on this issue appears to be mixed (and there is no controlling authority from the Eighth Circuit), several courts have held that letters that do not "*explicitly* threaten[] that legal action will be taken" do not violate the FDCPA. Ellis v. Cohen & Slamowitz, LLP, 701 F. Supp. 2d 215, 221 (N.D.N.Y. 2010) (emphasis added) (collecting cases); accord, e.g., Jenkins v. Union Corp., 999 F. Supp. 1120, 1136 (N.D. Ill. 1998) ("For a collection letter to threaten legal action . . ., it must communicate that a lawsuit is not merely a possibility, but that a decision to pursue legal action is either imminent or has already been made."). In this Court's view, a letter like Christensen's, which merely "indicates that a matter may be referred to an attorney . . . if payment is not made," is not unlawful. Madura v. Lakebridge Condo. Ass'n Inc., 382 F. App'x 862, 865 n.2 (11th Cir. 2010) (*per curiam*); Turner v. I.C. Sys., Inc. (In re Turner), No. 08-1039, 2009 WL 764574, at *3 (Bankr. M.D. Ala. Mar. 20, 2009) ("[T]he mere reference to an attorney does not create an implicit threat of suit.") (collecting cases).

Moreover, it makes no difference that Adams *subjectively* believed the letter threatened legal action (Compl. ¶¶ 14-15), because FDCPA violations are analyzed *objectively*.  See, e.g., Pettit v. Retrieval Masters Creditor Bureau, Inc., 211 F.3d 1057, 1062 (7th Cir. 2000) ("[U]nder the FDCPA, confusion is not in the eyes of the beholder."); Unterreiner v. Stoneleigh Recovery Assocs., LLC, No. 09 C 7042, 2010 WL 2523257, at *2 n.1 (N.D. Ill. June 17, 2010) ("[T]he defendant's conduct is judged from an objective, not a subjective, point of view."); Chiang v. Verizon New England Inc., Civ. A. No. 06-12144, 2009 WL 102707, at *6 n.12 (D. Mass. Jan. 13, 2009).  A plaintiff may press an FDCPA claim even where he did not feel threatened by a debt-collection letter.  E.g., Jacobson v. Healthcare Fin. Servs., Inc., 516 F.3d 85, 96 (2d Cir. 2008); Picht v. Hawks, 77 F. Supp. 2d 1041, 1043 (D. Minn. 1999) (Noel, M.J.), aff'd, 236 F.3d 446 (8th Cir. 2001).  The converse, therefore, also is true:  a plaintiff who feels threatened by a debt-collection letter does not automatically state a claim.  In the end, what matters is the debt collector's conduct – when viewed objectively, that conduct must violate the statute.  That is simply not the case here.

## CONCLUSION

The parties agree as to the letter's contents but disagree on the legal implications of those contents under the FDCPA.  In such a situation, the Court is confronted with a question of law that may be resolved on a Rule 12(c) motion.  See, e.g., Peters, 277 F.3d at 1056; Brill v. Fin. Recovery Servs., Inc., No. 4:10-CV-3121, 2010 WL 5825480, at *3-

- 8 -

4 (D. Neb. Nov. 10, 2010) (collecting cases).[1] The Court concludes that the hypothetical "unsophisticated consumer" would not be misled or deceived by Christensen's June 8, 2010 letter, and it further concludes that the letter did not threaten legal action. Accordingly, the pleadings fail to establish a violation of the FDCPA, and Christensen is entitled to judgment as a matter of law.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Adams's Motion for Judgment on the Pleadings (Doc. No. 15) is **DENIED**, Christensen's Motion for Judgment on the Pleadings (Doc. No. 13) is **GRANTED**, and Adams's Complaint (Doc. No. 1) is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 28, 2011                          s/Richard H. Kyle
                                               RICHARD H. KYLE
                                               United States District Judge

---

[1] In her Opposition, Adams cites Walker v. National Recovery, Inc., 200 F.3d 500, 503 (7th Cir. 1999), for the proposition that "a jury must decide what 'actual effect' a letter had on the 'unsophisticated consumer.'" (Pl. Mem. in Opp'n at 11, 13-14.) But the Eighth Circuit has rejected the notion that courts cannot determine FDCPA violations as a matter of law. See Peters, 277 F.3d at 1055-57; see also Gonzalez v. Kay, 577 F.3d 600, 609-10 (5th Cir. 2009) (Jolly, J., dissenting) (noting circuit split and recognizing majority view is that "application of the unsophisticated consumer standard to the language of a debt collection letter is a question of law"); Brill, 2010 WL 5825480, at *3-4; Christian Stueben, Note, Judge or Jury? Determining Deception or Misrepresentation Under the Fair Debt Collection Practices Act, 78 Fordham L. Rev. 3107 (May 2010) (suggesting that where collection letter "speaks for itself," whether letter violates the FDCPA presents a question of law).